IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA MARIE WIKE, | |
| Plaintiff, | 8:22CV297 |
| vs. | |
| DOUGLAS COUNTY, DIANE BATTIATO, LILIANA E. SHANNON, THOMAS WHEELER, MARY ANN BORGESON, DONALD KLEINE, ALAN E. SOUTH, and RON MURTAUGH, | **MEMORNADUM AND ORDER** |
| Defendants. | |

On August 23, 2022, the Court entered an order denying what the court had docketed as Plaintiff's motion to proceed in forma pauperis ("IFP"), Filing No. 2, because Plaintiff had submitted a blank Form AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs that did not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis.[1]  The Court directed Plaintiff to either submit the $402.00 fees to the Clerk's Office or submit a proper request to proceed IFP that complies with 28 U.S.C. § 1915 by September 22, 2022. On September 16, 2022, Plaintiff filed a document captioned "Notice: Courts Shall Be Open, Justice Not for Sale, Delay nor Denial" (hereinafter "Notice").  Filing No. 6. Plaintiff also submitted the Notice in an email addressed to the undersigned's chambers on or about September 12, 2022.

In the Notice, which is similar to one dated August 17, 2022 that she included with her previous IFP motion, see Filing No. 2 at 1, Plaintiff indicates that she does not

---

[1] For clarity, "in forma pauperis" is Latin for "in the manner of a pauper" and means "[i]n the manner of an indigent who is permitted to disregard filing fees and court costs." Black's Law Dictionary (11th ed. 2019).

seek "to proceed 'in forma pauperis'" but rather filed the Notice (and her previous notice) "in lieu of Form AO 240." Filing No. 6. Essentially, Plaintiff appears to object to having to pay any filing fee or make any showing of her inability to pay such fee to file a case in this Court and cites to 28 U.S.C. § 452,[2] Article I, § 13 of the Nebraska Constitution,[3] the First Amendment of the United States Constitution,[4] and two United States Supreme Court cases[5] in support of her position.

The Court finds Plaintiff's arguments that she should be exempt from paying the Court's filing and administrative fees or from complying with the statutory requirements to proceed IFP are meritless.  As other courts have recognized, such arguments "are similar to the type propounded by so-called 'sovereign citizens.'  Any contention by plaintiff that [s]he is somehow excused from complying with federal rules or statutes based on [her] sovereign citizen status is meritless." Baalim v. United States, No. 4:19-CV-02671-HEA, 2019 WL 6910040, at *2 (E.D. Mo. Dec. 18, 2019) (citing cases)

---

[2] Section 452 of Title 28 provides: "All courts of the United States shall be deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders.  The continued existence or expiration of a session of a court in no way affects the power of the court to do any act or take any proceeding." 28 U.S.C.A. § 452.

[3] Similar to 28 U.S.C. § 452, Neb. Const. art. I, § 13 provides: "All courts shall be open, and every person, for any injury done him or her in his or her lands, goods, person, or reputation, shall have a remedy by due course of law and justice administered without denial or delay, except that the Legislature may provide for the enforcement of mediation, binding arbitration agreements, and other forms of dispute resolution which are entered into voluntarily and which are not revocable other than upon such grounds as exist at law or in equity for the revocation of any contract." This provision of the Nebraska Constitution is not binding in this federal civil rights action, but the Court notes that the Nebraska Supreme Court has held that this provision "does not in any way imply that the Legislature is without power to impose a special procedure before resort to the courts." Prendergast v. Nelson, 256 N.W.2d 657, 663 (Neb. 1977).

[4] Specifically, Plaintiff cites to that portion of the First Amendment that provides that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.

[5] Plaintiff cites to Murdock v. Com. of Pennsylvania, 319 U.S. 105, 113 (1943), for the proposition that "[a] state may not impose a charge for the enjoyment of a right granted by the federal constitution."  Plaintiff also cites to Shuttlesworth v. City of Birmingham, Ala., 373 U.S. 262 (1963), but the language cited by Plaintiff does not appear within that case.

(rejecting plaintiff's IFP application because it failed to comply with 28 U.S.C. § 1915 and contained "factually and legally dubious statements proposing that gold and silver constitute the only legal tender, and that debts cannot be paid, only discharged"); *see also Gaia v. United States*, No. 4:19-CV-2670 JCH, 2019 WL 6727488, at *2 (E.D. Mo. Dec. 11, 2019) ("Plaintiff's alleged individual sovereignty does not excuse her from following the Local Rules of this Court, especially since claims of this 'sovereignty' nature completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts.").

If Plaintiff wishes to prosecute a civil action in this Court without prepayment of fees, then she must demonstrate that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In forma pauperis status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that she is "absolutely destitute," but she must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). Determining whether to grant or deny in forma pauperis status under § 1915 is within the sound discretion of the trial court. *Lee*, 231 F.3d at 458.

Accordingly, as the Court directed in its previous Memorandum and Order, Filing No. 5, Plaintiff must either submit the $402.00 filing and administrative fees to the Clerk's Office or submit a proper request to proceed in forma pauperis that complies with 28 U.S.C. § 1915. The Court will give Plaintiff an additional 14 days from the date of this Memorandum and Order to do so.

3

Additionally, Plaintiff is informed that, pursuant to local rule, the Court does not consider documents submitted via e-mail to the assigned judge or to the Clerk of the Court as filed with the Court. *See* NECivR 5.1(c). The Court, therefore, will not act on Plaintiff's previous e-mail submission or any future e-mail submissions and such e-mail submissions will not be made part of the record. If Plaintiff wishes to request relief from or action by the Court, she may do so by mailing, hand-delivering, or electronically filing (after registering for CM/ECF, *see* Filing No. 3 and NEGenR 1.3(b)) a proper motion to the Clerk. Accordingly,

IT IS ORDERED that:

1. Plaintiff shall have until **September 30, 2022** to submit the $402.00 fees to the Clerk's Office or submit a proper request to proceed in forma pauperis that complies with 28 U.S.C. § 1915. Failure to take either action will result in dismissal of this matter without further notice.

2. To the extent Plaintiff's Notice, Filing No. 6, seeks any kind of relief, it is denied.

3. No action will be taken on the email submitted by Plaintiff to the undersigned's chambers.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 30, 2022**: check for IFP motion or payment.

4

Dated this 16th day of September, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge